# IN THE COURT OF APPEALS OF IOWA

No. 22-1525
Filed January 24, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CREON DUWAYNE RASHARD DAVIS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Paul D. Miller,

Judge.

Creon Davis appeals his sentence for second-degree sexual abuse.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

Martha J. Lucey, State Appellate Defender, and Bradley M. Bender,

Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee.

Considered by Greer, P.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

Creon Davis pleaded guilty to one count of sexual abuse in the second degree. The crime was committed when Davis was a juvenile. The district court sentenced him to a twenty-five-year term of incarceration with no mandatory minimum, ordered him to pay various financial obligations, required him to register as a sex offender for life, and imposed a special sentence pursuant to Iowa Code section 903B.1 (2022). Davis appeals and challenges his sentence on multiple grounds.[1]

We review sentencing challenges for correction of errors at law. *State v. Fetner*, 959 N.W.2d 129, 133 (Iowa 2021). "We will not reverse a sentence unless there is an abuse of discretion or some defect in the sentencing procedure." *State v. Wilbourn*, 974 N.W.2d 58, 65 (Iowa 2022) (internal quotation marks and citation omitted). However, when a district court is unaware it has discretion with respect to a sentencing provision "we typically vacate and remand for resentencing." *Id.* at 67 (citation omitted).

Here, the State concedes that the district court was unaware that section 901.5(13) gave it discretion to suspend the special sentence otherwise required by section 903B.1 because Davis was a minor at the time of the offense. *See State v. Hess*, 983 N.W.2d 279, 286–90 (Iowa 2022).[2] The State concedes

---

[1] Because Davis only challenges his sentence, Davis has good cause to appeal despite his guilty plea. *See* Iowa Code § 814.6(1)(a)(3) (requiring a defendant who pleads guilty to any offense other than a class "A" felony to establish good cause to appeal); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) (holding a defendant has good cause to appeal following a guilty plea when the defendant is challenging the sentence imposed).

[2] We note the district court did not have the benefit of *Hess* at the time of sentencing.

this entitles Davis to resentencing, and we agree. As sentencing involves interweaving a variety of decisions such as incarceration, financial obligations, and collateral matters, we do not view any one of those decisions in isolation. Changing one of those sentencing decisions may impact other sentencing decisions. As there was an error in failing to exercise discretion as to the special-sentence aspect of the sentence, and we do not know how much deciding that issue may impact the other aspects of the sentence, it is necessary to vacate the entire sentence and remand to the district court to sentence Davis anew. As Davis's other sentencing challenges address procedures and outcomes that may not be repeated on resentencing, we decline to address them.

We vacate Davis's sentence and remand for resentencing. As part of resentencing, the district court shall exercise its discretion in all respects, including deciding whether to suspend the special sentence.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**